UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN MANUEL RIOS-MARTINEZ, a/k/a JUAN M. RIOS, a/k/a JUAN MANUEL RIOS, a/k/a JUAN MANUEL MARTINEZ, a/k/a JULIO RIOS, a/k/a JESUS VILLA LINARES, a/k/a JOSE RIOS MARTINEZ, a/k/a JUAN RIOS, a/k/a JULIO RIOS-MARTINEZ,<br><br>Defendant. | Case No. 1:25-cr-00135-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Juan Rios-Martinez's Motion to Revoke Detention Order. Dkt. 19. The Government opposes Rios-Martinez's Motion (Dkt. 25), and Rios-Martinez filed his reply to that opposition (Dkt. 27). The Court has reviewed the record in this case, including but not limited to the parties' briefs, the transcript of the detention hearing before Magistrate Judge Debora K. Grasham (Dkt. 24), and the pretrial services report (Dkt. 16). For the reasons discussed below, the Court denies Rios-Martinez's Motion and affirms the Order of Detention Pending Trial (Dkt. 18).

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

On May 13, 2025, Rios-Martinez was indicted on one count of Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326(a) & (b). Dkt. 2. The Government filed a Motion for Detention (Dkt. 6) on February 17, 2026, and a detention hearing was scheduled in front of Judge Grasham on February 23, 2026 (Dkt. 7). After hearing the parties' proffers and oral argument, Judge Grasham addressed all the 18 U.S.C. § 3142(g) factors and ordered Rios-Martinez detained pending trial, finding that there are no conditions that could be imposed that would reasonably assure he would appear in court as directed. On March 9, 2026, Rios-Martinez appealed the Order of Detention to the undersigned. Dkt. 19.

## III. LEGAL STANDARD

Rios-Martinez's motion is brought pursuant to 18 U.S.C. § 3145(b), which provides that "if a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of that order." *See also* Fed. R. Crim. P. 59(a). The district court must promptly determine the motion. 18 U.S.C. § 3145(b). A district court reviews the magistrate judge's order de novo. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). "[T]he district court is not required to start over in every case" and is not required to "proceed as if the magistrate's decision and findings did not exist." *Id.* Rather, the district court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* A district court is also not required to hold an evidentiary hearing in reviewing a magistrate court's detention

MEMORANDUM DECISION AND ORDER - 2

order when no new evidence is offered. *Id.* Here, the Court finds an additional evidentiary hearing is not necessary because Rios-Martinez has offered no new evidence.

## IV. ANALYSIS

### A. The Bail Reform Act

The Bail Reform Act of 1984 outlines procedures for detaining a defendant pending trial. 18 U.S.C. § 3142(c), (e)-(f). Upon the Government's motion, the court—usually a magistrate judge—will first determine if a detention hearing is authorized under the Act. 18 U.S.C. § 3142(f). This initial determination "limit[s] the circumstances under which [pretrial] detention may be sought." *United States v. Watkins*, 940 F.3d 152, 158 (2d Cir. 2019). The court may only grant the Government's motion for a detention hearing if: (1) the defendant is charged with one of five serious crimes in § 3142(f)(1); (2) poses a serious risk of flight under § 3142(f)(2)(A); (3) or poses a serious risk of obstruction or intimidation under § 3142(f)(2)(B). Absent one of these conditions, the court will deny the Government's motion for a detention hearing.

In this case, Rios-Martinez was indicted for illegally reentering the United States after removal in violation of § 1326. This charge is not one of the five serious crimes enumerated under § 3142(f)(1). Accordingly, the Government is only entitled to a detention hearing if Rios-Martinez poses a serious risk of flight, obstruction, or intimidation. Before the Magistrate Court, the Government asserted Rios-Martinez poses a serious risk of flight under § 3142(f)(2)(A).

Neither the Supreme Court nor the Ninth Circuit have outlined the factors to consider in determining a serious risk of flight under § 3142(f)(2)(A). Although the Ninth

MEMORANDUM DECISION AND ORDER - 3

Circuit in *United States v. Santos-Flores*, 794 F.3d 1088, 1092 (9th Cir. 2015), identified the factors a court should consider in determining the risk of non-appearance under § 3142(g), the text of § 3142 suggests risk of flight under § 3142(f)(2)(A) is narrower than a risk of non-appearance under § 3142(g). *See United States v. Figueroa-Alvarez*, 681 F. Supp. 3d 1131, 1137 (D. Idaho 2023) (citing *United States v. White*, 2021 WL 2155441, at *8 (M.D. Tenn. 2021)). Recognizing the difference between the risk of non-appearance and the risk of flight, the Magistrate Judge carefully and thoroughly outlined the analysis for determining a serious risk of flight under § 3142(f)(2)(A). This Court finds the Magistrate Judge's methodology helpful in this case.

In *Figueroa-Alvarez*, the Magistrate Court applied the preponderance of evidence standard, ruling that to show a serious risk of flight under § 3142(f)(2)(A), the Government must demonstrate only that it is more likely than not there is a serious *risk* the defendant will flee—not that it is more likely than not the defendant *will* flee. 681 F. Supp. 3d at 1138. To meet this burden, the court ruled that "the Government must present concrete information not mere conclusory allegations." *Id.* (citation modified). Relying in part on *Santos-Flores*, the court identified four common factors, and related subfactors, for consideration in determining whether a defendant poses a serious risk of flight, but noted that the analysis is based on the totality of evidence and no one factor is dispositive. *Id.* at 1140 (citing Lauryn P. Gouldin, *Defining flight Risk*, 85 U. Chi. L. Rev. 677, 703-04 (2018)). The Court will consider these factors today.

Under the *Figueroa-Alvarez* analysis, the court considers a defendant's incentives to flee based on the potential punishment and the weight of evidence against the defendant.

MEMORANDUM DECISION AND ORDER - 4

*Id.* at 1141. The weight of the evidence, however, is "the least persuasive factor" because it "must acknowledge the defendant's pretrial presumption of innocence." *Id.*; *see also United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985) (requiring consideration of presumption of innocence). Regardless, "the weight of the evidence in most § 1326 prosecutions is strong" because a defendant may not challenge his prior removals from the United States without proof he previously exhausted his administrative remedies; this required showing makes defending against a § 1326 charge difficult. *Figueroa-Alvarez*, 681 F. Supp. 3d at 1141. Further, although a defendant's "dangerousness" is not relevant, defendants with a "significant" criminal history may face years of imprisonment for violating § 1326, providing a greater incentive to flee. *Id*. at 1142.

Further, under the *Figueroa-Alvarez* analysis, the Court considers the defendant's ability to flee, including whether he has finances to fund flight, access to fraudulent identity documents to facilitate "clandestine travel," and ties to persons who could assist his flight. *Id.* The Court also considers the defendant's ties to the jurisdiction and to the United States, including the defendant's length of residence, his community ties, his ability to earn an income legitimately, and the presence of his family members. *Id.* Finally, the Court considers a defendant's reliability and trustworthiness. Factors bearing on these characteristics include whether the defendant has previously violated the terms of supervised release, parole, or probation; whether he has disregarded a court order to appear at a designated time and place; and whether he abuses alcohol or controlled substances. *Id.* at 1144–45.

### B.  A Detention Hearing was Appropriate

Rios-Martinez argues the Government failed to show that he: (1) presents a serious risk of intentional flight; (2) is capable of fleeing; (3) has insufficient ties to the United States; and (4) is not reliable to appear for criminal court. Dkt. 21, at 2. The Court disagrees and concludes the Magistrate Court correctly ruled a detention hearing was appropriate because the Government proved by a preponderance of evidence in its initial Motion for Detention (Dkt. 6) that Rios-Martinez poses a serious risk of flight.

As the Magistrate Court found, the evidence shows Rios-Martinez has an incentive to flee. Although a defendant is presumed innocent, *Motamedi*, 767 F.2d at 1407-08, if the weight of evidence against the defendant is strong, then he may perceive a likelihood of conviction, which suggests a greater incentive to flee. *Figueroa-Alvarez*, 681 F. Supp. 3d at 1141. Here, the evidence in support of a conviction is strong. The grand jury considered the evidence and found probable cause to indict Rios-Martinez. This evidence includes three prior deportations in 2019 and citations for failing to provide insurance in Idaho in 2020 and 2023, and finally an arrest in this case in February 2026. Dkt. 25, at 8. Further, the maximum penalties that could be imposed for this offense, if convicted, is up to 20 years of imprisonment, followed by 3 years of supervised release, a $25,000 fine, and a special assessment of $100.[1] These facts demonstrate an incentive to flee.

Further, the evidence shows Rios-Martinez struggles with reliability and trustworthiness. Numerous facts support this conclusion. For example, Rios-Martinez has multiple illegal reentries after his removal from the United States in 1992. As the pretrial

---

[1] These are, of course, the statutory maximum punishments; the guideline range in this case is likely lower and, as with most standard deportation cases *not* followed by a period of supervision after incarceration.

MEMORANDUM DECISION AND ORDER - 6

services report shows, he was arrested in 2011 and again three more times in 2019 as an inadmissible alien. Dkt. 16, at 4-5. Although Rios-Martinez argues his history of repeatedly returning to the United States unlawfully indicates a "desire to return" to Idaho and not to flee (Dkt. 21 at 17), this argument is unconvincing both because it ignores his flagrant disregard for the law and because he could flee in violation of pretrial release but still remain in the United States.

Rios-Martinez also has a history of other criminal activity while in the United States. In 1992—after being deported—he was charged with Second Degree Burglary, and in 1993, he was charged with a DUI, Driving with a Suspended License, and Hit and Run. While on probation for these charges, he was charged with Petit Theft and Disorderly Conduct in 1994, and in 1997 he was charged again with Petit Theft. From 2004 until 2008, Rios-Martinez received multiple charges of driving without a license. In August 2011, he was charged with Disturbing the Peace. From 2013 to 2019, he received charges of Carrying a Concealed Weapon without a License, Malicious Injury to Property, Driving Without Privileges and Failure to Purchase a Driver's License. *See generally* Dkt. 16. These multiple instances of disregarding the law and violating court orders demonstrate Rios-Martinez is unreliable and untrustworthy and are predictive of a serious risk of flight. *See Figueroa-Alvarez*, 681 F. Supp. 3d at 1144 ("[P]rior instances of disregarding or violating court orders may be predictive of flight insofar as they demonstrate that the defendant is not reliable or trustworthy.").

Because no single factor is dispositive, the Court does not need to consider every factor identified in *Figueroa-Alvarez*. For example, the record contains inadequate

MEMORANDUM DECISION AND ORDER - 7

information regarding Rios-Martinez's finances for the Court to determine whether he is capable of fleeing. The Court notes, however, that he has strong family connections in both Idaho and Mexico. This latter factor also indicates Rios-Martinez could flee. Thus, while some factors may be less persuasive, *cumulatively* the Court finds the Government has met its burden and that detention is appropriate at this time.

## V. CONCLUSION

Having conducted a de novo review of the record in this matter and having considered the parties' arguments at the detention hearing and the parties' briefs on appeal, the Court concludes concrete information was produced showing the Government met its burden and proved by a preponderance of evidence that Rios-Martinez poses a serious risk of flight. Accordingly, Rios-Martinez's Motion to Revoke Detention Order (Dkt. 19) is DENIED and the Order of Detention (Dkt. 18) shall remain in effect.

## VI. ORDER

IT IS ORDERED that:

1. Defendant Rios-Martinez's Motion to Revoke Detention Order (Dkt. 19) is **DENIED**.

2. Magistrate Judge Debora K. Grasham's Order of Detention (Dkt. 18) is **AFFIRMED**.

DATED: April 9, 2026



David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 8